FILED

3:46 pm, 10/8/10

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DIANNA KAY STEINBERG, | ) | Case No. 09-20988 |
| and MICHAEL STEVEN STEINBERG, | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |

**OPINION ON THE UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. §§ 707(B)(1)AND (2), OR, IN THE ALTERNATIVE, PURSUANT TO 11 U.S.C. §§ 707(B)(1) AND (3)**

The Court held an evidentiary hearing on the above captioned matter, with regard to Mrs. Steinberg only, and the Debtor's objection. The Court having reviewed the file, arguments of the parties, testimony and exhibits, based upon the following, denies in part and grants in part the motion to dismiss.

## Jurisdiction

The court has jurisdiction over the case and matter under 28 U.S.C. §§157 and 1334.

Mr. and Mrs. Steinberg filed jointly for Chapter 7 bankruptcy protection. The Debtors determined that, as they were living apart, had children of the marriage, had separate households, shared some expenses, shared income between themselves, they each filed a separate Form 22A ("Means Test"). The United States Trustee ("UST") filed its Motion to Dismiss as the Debtors had not timely responded to requests for more information so the UST could determine if it should pursue a motion to dismiss under §707(b). Eventually, the UST withdrew its motion to dismiss as to Mr. Steinberg.

The Court held an evidentiary hearing as to Ms. Steinberg **on May 6, 2010.** After the hearing, the Court ordered Ms. Steinberg to file an amended Form 22A or bifurcate the case. The Debtors "deconsolidated" their cases[1] and Ms. Steinberg filed an amended Form 22A. The Trustee filed an objection to Ms. Steinberg separating her case and filing the amended Form 22A, arguing that the Court had requested either/or. The Debtor filed a traverse to the UST's objection. These pleadings were interpreted as an objection by the Court. The matter was set for a hearing, continued, and rescheduled at the request of the parties as a status conference on September 21, 2010. Upon further review the Court vacated the status conference.

In support of the motion to dismiss, the UST alleges that: (1) Ms. Steinberg's income was materially understated; (2) Ms. Steinberg failed to disclose child support for a child from a previous marriage; (3) Ms. Steinberg failed to disclose that she was receiving $500.00 a month from Mr. Steinberg for child support; (4) Ms. Steinberg failed to disclose that Mr. Steinberg was contributing to her an additional $180.00 a month for his portion of the family health coverage; (5) Ms. Steinberg lists $545.00 for health insurance on Line 34, although her pay advices compute to only $364.00 per month; (6) Ms. Steinberg listed $2,991.00 for monthly mortgage payments. However, the Debtors are surrendering the property; (7) Ms. Steinberg lists additional food and clothing expense of $233.00 which exceeds the IRS allowance without providing supporting

---

[1] The Court entered its Order Granting Motion to Deconsolidate the Case on June 10, 2010. Mr. Steinberg's case was assigned the new case number of 10-20675.

documentation; (8) Ms. Steinberg claims two vehicles, but testified that she is retaining and will be responsible for one vehicle. Mr. Steinberg is retaining and is responsible for the other; and, (9) according to the UST's analysis, the presumption of abuse arose as Ms. Steinberg has monthly disposable income available for distribution to unsecured creditors. Subsequently, the UST argues that since the Debtors deconsolidated their cases, the supplemental exhibit A ("Supplemental Exhibit") should be ignored by the Court, or alternately argues that the Debtors filed an improper Form 22A and included analysis.

**Facts**

At the hearing, Ms. Steinberg testified that she receives child support for a child from a previous marriage in the amount of $400.00. Ms. Steinberg also receives $500.00 a month from Mr. Steinberg. These amounts are indicated on the Amended Means Test filed with the Court on May 5, 2010, Line 10.[2] Also included on Line 10 is the child support contribution from Mr. Steinberg.

At this point, on Ms. Steinberg's original means test, her annualized current monthly income calculated to less than the applicable median family income for a family of four in Wyoming and the presumption did not arise. Therefore she did not complete Part IV of the Means Test. On her Amended Means Test, Ms. Steinberg's annualized current monthly income calculated to be above the applicable median family income for a

---

[2] It appears the child support should have been included on Line 8. Both child support contributions are reflected in the "Supplemental Exhibit" provided by the Debtor. Neither are included in the original Means Test for Mrs. Steinberg.

family of four in Wyoming and she completed Part IV. The Supplemental Exhibit includes both Ms. and Mr. Steinberg's incomes and designates a family of five. The Debtor completed Part IV.

Ms. Steinberg claims the amount of the mortgage for her housing on both the Amended Means Test and the Supplemental Exhibit on Line 42, in the amount of $2,991.00.

**Discussion**

The court may dismiss a case filed by an individual debtor, whose debts are primarily consumer debts, if it finds that the granting of relief would be an abuse of the provision of Chapter 7.[3] Considering whether the granting of relief would be an abuse, the court shall presume abuse exists if the debtor's currently monthly income reduced by certain monthly expenses; multiplied by 60 is not less than the lesser of: 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater, or $10,950.[4] These expenses include: applicable monthly expenses for the debtor, spouse and dependants; the actual monthly expenses for the debtor, spouse and dependants; reasonably necessary expenses incurred to maintain the safety of the debtor and the debtor's family from family violence; reasonably necessary expenses for health insurance, disability insurance, and health savings account expenditures for the debtor, spouse and

---

[3] 11 U.S.C. §707(b)(1).

[4] 11 U.S.C. §707(b)(2)(A)(I) and (II).

dependents; and, debtor's average monthly payments on secured debts or priority claims.[5]

Bankruptcy Courts within the Tenth Circuit provide guidance to this court in determining whether Ms. Steinberg could deduct, as an allowable expense, monthly payments of a mortgage for the purpose of the Chapter 7 means test. The means test is a snapshot, a backward looking test, which is designed to measure the debtor's financial health at the time of the filing. Section §707(b)(2)(A)(iii)(I) does not require (or allow) a court to look to the "projected" amounts due to secured creditors in the future, but provides that the average monthly payments shall be the "total of all amounts scheduled as contractually due."[6] Postpetition events are better addressed under the totality of the circumstances test under 11 U.S.C. 707(b)(3)[7] where the Court considers whether the debtor filed the petition in bad faith or whether the totality of the circumstances of the debtor's financial situation demonstrates abuse. Under the totality of the circumstances test, the court may consider both current and future income and expenses including the ability to repay debts under Chapter 13.

The Court finds:

---

[5] 11 U.S.C. §707(b)(2)A) (ii), (iii) & (iv).

[6] *In re Allen*, Case No. 07-41327, 2008 Bankr. LEXIS 364 (Bankr. D. Kan., February 15, 2008).

[7] *In re Lindstrom*, 381 B.R. 303 (Bankr. D. Colo. 2007).

(1)   Upon including the additional income from child support, Ms. Steinberg's annualized current monthly income is stated on her Amended Means Test in the amount of $83,796.24 or $6,983.02 per month. The UST's analysis of Ms. Steinberg's original Means Test and Schedule I calculate her gross income at $ $6,484.00 and $6,851.00, respectively.

(2)   For the purpose of determining if the presumption of abuse arises under the Means Test, Ms. Steinberg is allowed to deduct the mortgage payment of $2,991.00.

(3)   The Amended Means Test does not contain a deduction for additional food and clothing expense.

(4)   Ms. Steinberg's Amended Means Test lists a health insurance expense of $185.00 on Line 34.

(5)   Ms. Steinberg claims the standard local deduction for vehicle expenses of line 22A on her Amended Means Test.

(6)   The Amended Means Test more accurately reflects Ms. Steinberg's financial health at the time of filing for bankruptcy protection to determine if the presumption arises.

Dismissal under 11 U.S.C. §§ 707(b)(1) & (2)

Ms. Steinberg filed an Amended Means Test which appears to have amended and responded to many of the UST's objections. This Court, following the Kansas and

Colorado Bankruptcy Courts, allows the inclusion of the mortgage for the purpose of determination of the means test under Chapter 7. The issue of Ms. Steinberg's additional student loan expenses does not need further consideration, as at Line 55 "Secondary presumption determination," reflects that the presumption does not arise. Therefore, Ms. Steinberg does not need to rebut the allegation. Therefore dismissal under §707(b)(1) and (2) will be denied.

Dismissal under 11 U.S.C. §§ 707(b)(1) & (3).

The Court, when considering whether the debtor filed the petition in bad faith or whether the totality of the circumstances of the debtor's financial situation demonstrates abuse, may consider both current and future income and expenses, including that debtor's ability to repay debts under Chapter 13. The Court considers three sets of facts when analyzing the debtor's financial circumstances for abuse which include: (1) circumstances surrounding the debtor's finances, which include the debtor's ability to pay creditors, whether the debtor's budget is excessive, whether the debtor has reaffirmed a large amount of secured debt, whether the debtor has a stable income, whether there was incurrence of cash advances or excessive consumer purchases; (2) the Debtor's truthfulness on her schedules accurately reflecting the debtor's true financial circumstance and whether the debtor filed in good faith; and (3) other factors to consider such as illness, calamity, unemployment or disability that precipitated the filing and whether the debtor could have negotiated with creditors outside the bankruptcy.

The Debtor presented a Chapter 13 Statement of Current Monthly Income and Calculations of Commitment Period and Disposable Income ("Projected Chapter 13 Means Test"), whereas she deducted the mortgage payment for the real estate that she intends to surrender. This Court's review shows that the Projected Chapter 13 Means Test would not accurately reflect Ms. Steinberg's ability to pay in a Chapter 13, as proposed. Leaving all other deductions and claimed expenses the same, the Court excluded the mortgage amount and increased the housing expense to reflect Ms. Steinberg's testimony that alternate housing could be found in Casper, Wyoming for the amount between $1,500.00-$1,800.00 per month. The difference between the mortgage payment and higher rental amount leaves a $1,191 net surplus per month. Ms. Steinberg testified her hours had been reduced resulting in $300.00 reduction of income each month. Additionally, Ms. Steinberg testified that she and her separately filing spouse have a 2009 federal tax debt of $3,126.00 of which she is making payments of $50.00 each month. She testified that Mr. Steinberg is suppose to make the same tax payment, but does not know if he has paid, as that was beyond her control. The Court observes that on the Projected Chapter 13 Means test, no administrative expenses are deducted for trustee expenses. Ms. Steinberg also has a student loan payment. Taking into consideration Ms. Steinberg's testimony and her own calculations on the Projected Chapter 13 Means Test reflect she would have nearly $700 a month disposable income to pay non-priority unsecured creditors without determining if the alleged student loan

payment is a special circumstance. Additional consideration is based upon the facts that Ms. Steinberg shall have no secured debt; her budget is not excessive; the conditions of her employment have resulted in a reduction of income; Ms. Steinberg's credibility to the Court is not in question; and that she is in a pending divorce. Taking all the factors into consideration and based on the totality of the circumstances and the lower standard of abuse under BAPCPA, the Court finds that allowing Ms. Steinberg to continue in a Chapter 7 would constitute an abuse of the Bankruptcy Code within the meaning of Section 707(b)(3).

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021. The Debtor will be allowed a short time in which to convert to a Chapter 13 or 11.

DATED this 8 day of October, 2010.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge